UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAURICE D. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-260-B-W |
| | ) |
| MAINE DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO PROCEED**
***INFORMA PAUPERIS* AND**
**RECOMMENDED DECISION**

Maurice Young has filed a civil complaint listing the Maine Department of Corrections as his lone defendant. Young is asserting that the defendant did not provide him with adequate dental care. Young also filed a motion for leave to proceed in forma pauperis that was not accompanied by the necessary affidavit. As a consequence, I entered the following order:

> ORDER reserving ruling 2 Motion for Leave to Proceed in forma pauperis. Plaintiff has until September 2, 2008, to submit a properly completed affidavit. However, even if he does so, his complaint as currently drafted could be subject to summary dismissal because the "Maine Department of Corrections" (which is the State of Maine) is a defendant that would be immune from monetary damages under 42 U.S.C. Sec. 1983.

(Doc. No. 3.) Young filed a new affidavit with supporting documents that does not comply with the IFP requirements (Doc. No. 4).[1]

I now grant the motion to proceed without pre-payment of the fees on the assumption that Young could properly prove up his entitlement to so proceed.

---

[1] He also filed a letter indicating that he has been in Cushing, Maine for over 35 years, he loves the 70 degree temperature, and that he wants a model affidavit presumably to comply with my earlier order. (Doc. No. 5.) The Clerk's Office sent him the appropriate information but Young has not filed anything in compliance.

However, I recommend that the count alleging a federal civil rights violation be dismissed because Young, who is seeking a "huge" amount of damages from the defendant,[2] cannot seek this remedy from the Department of Corrections which enjoys sovereign immunity as an arm of the State of Maine.  See Alabama v. Pugh, 438 U .S. 781, 782 (1978); see also Will v. Michigan Dept. State Police, 491 U.S. 58, 66 (1989) ("The Eleventh Amendment bars such suits unless the State has waived its immunity, Welch v. Texas Dept. of Highways and Public Transportation, 483 U.S. 468, 472-473 (1987) (plurality opinion), or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.").  This claim should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because he "seeks monetary relief from a defendant who is immune from such relief."

With regards to Young's second count entitled "Negligent," this appears to be a state tort claim.  Per my determination that it is proper to dismiss the 42 U.S.C. § 1983 claim, it would be well within the court's discretion to decline to exercise supplemental jurisdiction over this count, see 28 U.S.C. § 1367(c)(3); Che v. Mass Bay Transp. Auth., 342 F.3d 31, 37 (1st Cir.2003) (recognizing broad discretion over the decision to exercise supplemental jurisdiction),[3] and if the Court accepts my recommendations apropos the 42 U.S.C. § 1983 count I suggest that the Court dismiss the state law count without prejudice.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served

---

[2] The only other remedy Young requests is that criminal charges be brought against the defendants.  This is not a remedy that this Court would be able to achieve for Young.
[3] See also 14 M.R.S.A. § 8111.

with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

           /s/ Margaret J. Kravchuk
           U.S. Magistrate Judge

September 15, 2008